May Term,
1859.

LITTLER
v.
LAMB.

———————

LITTLER and Another *v.* LAMB.

APPEAL from the *Fontain* Court of Common Pleas.

*Per Curiam.*—Suit upon a promissory note executed by *Elijah Littler* and *Jackson King* to *Barnabas Lamb*, and by him assigned to *Jacob Lamb*, the plaintiff. The note is for 1,000 dollars, due ten days after date.

Answer, setting up that at the time *Littler* and *King* gave the note to *Barnabas Lamb*, *Littler* held a note for 1,000 dollars against said *Barnabas;* that *King* is simply a surety on the note to *Barnabas*, and hence, the defendants claim that it is a set-off to the note in suit. This note held by *Littler*, was assigned to him by *E. C. Sumner*, a few days before he gave the note in question to *Barnabas Lamb*.

Replication, that the consideration for the note made payable to *Barnabas*, was cattle sold by *Jacob Lamb*, to *Littler;* that the note was made payable to *Barnabas* by fraud; and that *Littler*, in purchasing the cattle, was acting secretly for *Sumner*, and resorted to the mode adopted in giving the note to *Barnabas*, for *Jacob's* cattle, at *Sumner's* instigation, as a means of obtaining the payment of *Sumner's* note.

The questions to be tried were of fact, alone, and related to the facts of beneficial interest, and fraud.

The cause was first submitted to a jury, who failed to

*Monday,*
*May 30.*

May Term,
1859.

THE INDI-
ANA, &C.,
RAILWAY CO.
v.
CAVETT.

agree, and were discharged. It was subsequently tried by the Court, who rejected the set-off, and found for the plaintiff upon the note sued on.

There is evidence tending to sustain the finding of the Court. The credibility of the witnesses could be estimated by the Court below more accurately than it can be by this Court.

The judgment is affirmed with 1 per cent. damages and costs.

*J. Ristine* and *D. W. Voorhees*, for the appellant.

*J. A. Rice*, for the appellee.

